UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CURTIS CHELEY**<br>**DOC # 459572** | **DOCKET NO. 2:23-cv-01721**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

On August 21, 2025, the Respondent in this matter was ordered to answer Mr. Cheley's Petition for Writ of Habeas Corpus and provide a certified copy of the "entire state court record" to the Court. Doc. 10. The Order of August 21, 2025, also required that the State cite "relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record in support of the answer" and that "all factual assertions in the answer must be supported by citations to the record." *Id*.

On October 20, 2025, the State electronically filed its Response to Petition for Writ of Habeas Corpus in the Court, which included a Memorandum in Support of the State's Response and the entire state court record in the case, which consisted of over 3000 pages of documents. Doc. 13. As noted in the Response, the State served the petitioner with a copy of its Response by placing it in the U.S. Mail on October 20, 2025. *Id*. at p. 29. The State did not provide the complete state court record which was sent to the Court in its service to Petitioner but only provided its Response.

On November 6, 2025, the undersigned ordered the State to serve a copy of all of the documents sent to the Court per its August 21, 2025 Order. Doc. 15. On November 12, 2025, the

undersigned STAYED the portion of the Order requiring Respondent to produce to Petitioner copies of the exhibits to determine the appropriateness of this instruction. Doc. 16. After reconsideration, the Court VACATES the potion of its November 6, 2025, Order that required Respondent to produce to Petitioner copies of the exhibits attached to its Response.

Petitioner was a participant in his state court proceedings and, as such, the records documenting those proceedings are not unknown to him. *See Wetzel v. Tanner*, Civ. Action, No. 11-2170, 2011 WL 7020940, *1 n.1 (E.D. La. Dec. 27, 2011), *report and recommendation adopted by*, 11-2170, 2012 WL 112625 (E.D. La. Jan. 6, 2012). Moreover, Petitioner has neither requested, nor shown entitlement to, the state court record. *See United States v. MacCollom*, 426 U.S. 317, 323-24 (1976) (no constitutional right to transcripts on collateral review of a conviction without a showing that the claims are not frivolous and that transcripts are needed to prove those claims). Indeed, it is "well-established that a petitioner is not entitled to records free of charge for the purpose of conducting a 'fishing expedition,' hoping to uncover evidence to support his application for habeas relief." *Wetzel*, 2011 WL 7020940 at *1 n.1 (citing *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982)).

Accordingly;

**IT IS ORDERED** that the Court **VACATES** the potion of its November 6, 2025, Order [Doc. 15] requiring Respondent to produce to Petitioner copies of the exhibits attached to its Response [Doc. 13].

**THUS DONE AND SIGNED** in chambers this 13th day of November, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE